IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CATHY SUE GOODALL | ) | |
| | ) | |
| v. | ) | No. 2:17-0066 |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| | ) | |

To:     The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 9. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled," and therefore not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript (DE 7) at 21-23).[1] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a Report and Recommendation. *See* DE 2.

Upon review of the administrative record and consideration of the parties' filings, I find no error that would necessitate remand in this case and therefore recommend that Plaintiff's motion for judgment on the administrative record (DE 9) be **DENIED.**

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff protectively filed an application for DIB on March 14, 2013 due to rheumatoid arthritis, chronic obstructive pulmonary disease ("COPD"), hypothyroidism, lupus, and depression, with an alleged disability onset date of December 31, 2007. (Tr. 64, 76). Her application was denied initially and on reconsideration. (Tr. 64, 72). Pursuant to her request for a hearing before an ALJ, Plaintiff appeared with counsel and testified at a hearing before ALJ Andrea Wirth on June 2, 2016. (Tr. 36). On August 22, 2016, the ALJ denied the claim. (Tr. 21-23). On August 30, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (Tr. 1-3). Therefore, the ALJ's decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2007 through her date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following medically determinable impairments: lupus, chronic obstructive pulmonary disease (COPD) (20 CFR 404.1521 *et seq.*).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

5. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 2007, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(c)).

(Tr. 24-30).

On appeal, Plaintiff submits that the ALJ erred by (1) failing to find that COPD and lupus represent severe impairments, (2) failing to find that she meets Listing 3.02, and (3) failing to accord adequate weight to the opinion of her treating physician. DE 10 at 8, 11.

## II. ANALYSIS

### A. Standard of Review

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether

3

one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's RFC and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*.

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1520(f); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit

findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The Commissioner's Decision

The ALJ in the instant case resolved Plaintiff's claim at step two of the five-step process. Because Plaintiff was not found to have any severe impairments at step two, the ALJ determined that Plaintiff was not disabled. 20 C.F.R. § 404.1520(c). (Tr. 24-30).

### C. Assertions of Error

### 1. Step two finding.

Before turning to the ALJ's determination at step two, the Court must address two critical issues that are casually glossed over in Plaintiff's brief. First, Plaintiff's date last insured ("DLI") is December 31, 2009 (Tr. 26), which means that Plaintiff can only establish her entitlement to benefits by proving that she became "disabled" prior to this date. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) (citing 42 U.S.C. § 423(a), (c)). It is the claimant's burden of producing evidence demonstrating that her disability began before the DLI. *Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390 (6th Cir. 2015).

Second, Plaintiff relies on evidence that was not presented to the ALJ, including a questionable letter from Dr. Victor Byrd, who did not begin treating Plaintiff until 2013, in which Dr. Byrd alleges that "all of the physical exam findings and limitations and features of disability that she has today would date back to at least 2008." (Tr. 19). She additionally cites two letters from Dr. Richard Rutherford regarding the commencement of her alleged impairments (Tr. 17-18), yet these were also unavailable to the ALJ. Even assuming the legitimacy of these opinions, Plaintiff fails to acknowledge that such evidence was instead submitted to the Appeals Council

5

*after* issuance of the administrative opinion and was dismissed based on its lack of relevance to the time period at issue. (Tr. 2). As noted by Defendant, such a scenario precludes the undersigned from reviewing these untimely filings. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 472-73 (6th Cir. 2014) ("We have repeatedly refused to consider evidence submitted after the ALJ issued his decision when reviewing that decision for substantial evidence under 42 U.S.C. § 405(g)) (citing *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001)). There is a notable exception to this bar contained in sentence six of 42 U.S.C. § 405(g),[2] but Plaintiff presents no argument pursuant to this provision, thus waiving any consideration thereof. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e decline to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record[.]").

With this in mind, the undersigned turns to Plaintiff's brief, which claims that the ALJ improperly concluded that lupus and COPD are not "severe" impairments at step two of the five-step process. The Court notes that an impairment is considered "severe" at step two of the evaluation only if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Step two is considered "a *de minimis* hurdle that a claimant clears unless the impairment is only a slight abnormality that minimally affects work ability." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal citation and quotations omitted). However, it is the claimant's burden to prove the severity of her alleged impairments. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

---

[2] "The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

6

Plaintiff's argument regarding the step two finding is unpersuasive. One issue is that her brief does little more than selectively recite findings from certain office notes, many of which document treatment that took place after the DLI and therefore have little import. *See Nagle v. Comm'r of Soc. Sec.*, 1999 WL 777355, at *1 (6th Cir. September 21, 1999) ("Evidence relating to a time outside the insured period is only minimally probative[.]") (citing *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). Moreover, the records that do pertain to the relevant time period demonstrate mild findings, including Plaintiff's own report that she was "doing fine" and "fe[lt] good" just months before the DLI. (Tr. 349). This same visit included a finding that Plaintiff's COPD was "better" with a decrease in symptomology. (Tr. 350). During her next visit on December 15, 2009, the last one before the DLI, Plaintiff reported that she was "doing pretty well" with no new problems. (Tr. 342). Such findings tend to support the ALJ's step two conclusion.

Plaintiff relies heavily on an office note from February of 2008 during which she complained that her "skin [was] on fire" due to a rash on her torso. (Tr. 377-78). However, despite a positive ANA finding,[3] the rash was attributed to "over-exposure in tanning beds" for the past several years. (Tr. 379-80). The examining provider, Dr. Sivalingam Kanagasegar, noted that although a positive ANA finding can be indicative of lupus, a physical examination of Plaintiff yielded completely normal findings with no muscle involvement or rash on the eyelids or hands. (Tr. 380). The rash was also noted to be "better" during her next office visit (Tr. 376) and was entirely absent during her final six visits prior to the DLI. (Tr. 343, 350, 355, 360, 362, 367).

---

[3] Although Plaintiff fails to explain the significance of a positive ANA finding in any way, the undersigned notes that "ANA" (antinuclear antibodies) are "found in systemic lupus erythematosus." *See* Elsevier Saunders *Dorland's Illustrated Medical Dictionary* 101 (32nd ed. 2012).

Notwithstanding such minimal findings, Plaintiff claims that the ALJ failed to adequately consider the pain associated with her alleged conditions. DE 10 at 15. When a claimant alleges the existence of disabling pain, the court first looks to whether there is objective medical evidence of an underlying medical condition and, if so, then examines: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; and (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 834 (6th Cir. 2005) (citing *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986)).

Plaintiff argues that she "suffers pain associated with itching from lupus" (DE 10 at 15), yet records documenting her final two office visits before the DLI instead indicate that Plaintiff's rash had dissipated and that she suffered no problems with itchy skin. (Tr. 342-43, 349-50). She was instead seen for routine follow-up care, which without more is insufficient to establish the existence of severe pain. *See Higgs*, 880 F.2d at 863 ("The mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."). Plaintiff's reliance on her prescription for Lortab as evidence of pain is similarly unpersuasive, particularly since such medication constituted the entirety of her treatment. *See Blaim v. Comm'r of Soc. Sec.,* 595 F. App'x 496, 499 (6th Cir. 2014) ("Even the mildness of [the claimant's] treatment—mostly pain medication, weight loss, and exercise—suggested that his ailments were comparatively mild.") (citing *Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987)). This argument also belies the extremely positive findings documented during her last months of treatment prior to the DLI. (Tr. 342-50).

Plaintiff nonetheless points to her testimony that she "coughed up clots of blood while still working" (DE 10 at 15), a statement which finds no support anywhere in the record and thus fails

8

to bolster her argument. *See Robinson v. Sec'y of Health & Human Servs.*, 1994 WL 263905, at *4 (6th Cir. June 15, 1994) ("[A] claimant's allegations of pain alone are not sufficient to support a finding of disability.") (internal citation omitted). The ALJ appropriately discounted this claim in part based on the dearth of medical evidence pertaining to COPD, the only relevant testing of which produced a finding that there was no "evidence of active disease." (Tr. 387). Plaintiff also failed to heed providers' instructions to stop smoking and follow up with a dermatologist (Tr. 278, 380), which further undermines her credibility. *See Sias v. Sec'y of Health & Human Servs.,* 861 F.2d 475, 480 (6th Cir. 1988) (failure to follow a physician's advice to quit smoking is relevant factor in evaluating claimant's credibility); *Robertson v. Colvin*, No. 4:14-cv-0035, 2015 WL 5022145, at *6 (E.D. Tenn. 2015) (noncompliance with treatment is a legitimate credibility factor for an ALJ to consider). The Court additionally notes that a drug screening during the relevant time period produced multiple abnormal findings, including misuse of Plaintiff's prescription Lortab (Tr. 363-64), which similarly weighs against her credibility. *See Jackson v. Comm'r of Soc. Sec.*, No. 1:14-cv-628, 2015 WL 4611472, at *7 (W.D. Mich. July 31, 2015) (collecting cases).

Even assuming that Plaintiff did in fact aspirate blood "while still working," the ALJ's adverse credibility determination is supported by Plaintiff's misrepresentation of the extent of her work history. Despite testifying that she has not worked since 2009 (Tr. 44-46), the record is riddled with evidence that she continued working well after the DLI (Tr. 278, 290, 303, 319), including an office note indicating that she was still working five years after the DLI (Tr. 248), which further supports the ALJ's step two finding. *See* Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (January 1, 1985) ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities[.]"). Such evidence, coupled with the "virtually unchallengeable" deference given to the ALJ's credibility

9

Case 2:17-cv-00066   Document 12   Filed 01/29/19   Page 9 of 14 PageID #: 457

findings, *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.,* 402 F. App'x 109, 112-13 (6th Cir. 2010)), provides ample justification for the ALJ's decision to reject Plaintiff's allegations.

The undersigned pauses to comment on Plaintiff's troubling attempt to overturn the Commissioner's decision based on purported evidence that was unavailable to the ALJ and thus barred from review by this Court. It is unclear whether counsel deliberately and surreptitiously inserted such evidence into her brief or if she was shockingly ignorant of this Court's purview. It is beyond dispute, however, that Plaintiff's counsel wrongly presented outdated medical opinions from two separate doctors.[4] A reasonable jurist could not be faulted for interpreting such tactics as an attempt to perpetrate fraud upon the Court. The Court is uninspired by counsel's methods in this instance.

Regardless, Plaintiff fails to demonstrate that the ALJ's step two finding lacks the support of substantial evidence, as is her burden. *See Ulman v. Comm'r of Soc. Sec*., 693 F.3d 709, 714 (6th Cir. 2012) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.") (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). The undersigned therefore rejects this assertion of error.

### 2. Listing 3.02.

Plaintiff's next argument involves one of the listed impairments included in 20 C.F.R. § 404, Subpart P, Appendix 1, which contain specific criteria that, if met by the claimant, would direct the Commissioner to find the claimant "disabled without considering [her] age, education,

---

[4] Particularly disturbing was Plaintiff's failure to reply to Defendant's identification of this issue in its responsive brief. Silence can sometimes be deafening. *See* DE 11 at 10-11.

10

and work experience." *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1110 (6th Cir. 1986) (quoting 20 C.F.R. § 404.1520(d)). It is the claimant's burden to demonstrate that her condition meets the requirements of the particular listing. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Plaintiff alleges that her condition meets Listing 3.02, which involves chronic respiratory disorders, but fails to identify the criteria required to meet Listing 3.02 or how the medical evidence supports such a finding. Plaintiff instead points to four office visits during which COPD was mentioned (DE 10 at 11) and spirometry testing which, although a required element under Listing 3.02, took place well after the DLI. (Tr. 305). Defendant also correctly notes that even if the testing had occurred before the DLI, such results would be still insufficient to meet all of the criteria required under Listing 3.02 because they were not derived from "at least three forced expiratory maneuvers during the same test session." 20 C.F.R., Pt. 404, Subpt. P, App. 1, Listing § 3.02(A). This prevents Plaintiff's condition from meeting Listing 3.02. *See Hale v. Sec'y of Health & Human Servs.,* 816 F.2d 1078, 1083 (6th Cir. 1987) (claimant does not satisfy a listing unless all of the requirements of that listing are met).

### 3. Treating physicians' opinions.

Finally, Plaintiff argues that the ALJ improperly rejected the opinions provided by Drs. Byrd and Rutherford, both of whom treated Plaintiff at various points in time. Pursuant to the so-called "treating physician rule," the ALJ must accord controlling weight to the opinion of a treating physician if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case

11

record." 20 C.F.R. § 404.1527(c)(2).[5] If the opinion is not accorded controlling weight, the ALJ must nevertheless evaluate the opinion based on several factors that include the length, frequency, nature, and extent of the treatment relationship, and the degree to which the opinion is consistent with the record as a whole and supported by relevant evidence. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)).

Despite Plaintiff's claim that Dr. Byrd "would definitely be a treating source" (DE 10 at 9-10), the undersigned reiterates that Dr. Byrd did not begin treating Plaintiff until 2013, approximately four years after the DLI. (Tr. 48, 227). The extreme length of time between the commencement of his treatment and the DLI renders his opinion "minimally probative" and prevents him from enjoying treating physician status. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010) (citing *Siterlet,* 823 F.2d at 920). Dr. Byrd's September 25, 2016 letter, in which he claims that Plaintiff's current functional limitations apply to the relevant period (Tr. 19), similarly carries no weight given that it was submitted well after the ALJ issued her opinion. *See Curler, supra*. As discussed above, Plaintiff fails to provide an explanation for the untimeliness of the letter or any grounds for remand, as is her burden. *See Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 276 (6th Cir. 2010) (noting that a claimant must show that evidence submitted to the Appeals Council is new and material and that she has good cause for not presenting it to the ALJ to be eligible for a remand under sentence six).

Moreover, Plaintiff fails to identify any of the functional limitations actually proffered by Dr. Byrd or how such restrictions are supported by the record. Nor does she "demonstrate that the ALJ's determination ... is not supported by substantial evidence," as is her burden. *Peterson v.*

---

[5] The treating physician rule has been rescinded, *see* 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017), but was in effect at the time of Plaintiff's application.

12

*Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014). Plaintiff instead simply recites the treating physician rule, though she misidentifies the provision under which this rule falls, before asserting that Dr. Byrd's opinion "should have been strongly considered." DE 10 at 9-10. Such an inadequate overture arguably represents waiver. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal citation omitted). Regardless, the Court finds that the previously discussed mild findings derived during the relevant period, in conjunction with Dr. Byrd's complete lack of familiarity with Plaintiff's condition during that time, provide ample support for ALJ's rejection of this opinion. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) ("The [Commissioner] ... is not bound by treating physicians' opinions, especially when there is substantial medical evidence to the contrary.").

The undersigned similarly finds no error in the ALJ's rejection of Dr. Rutherford's medical source statement ("MSS"), which was issued more than six years after the DLI and contains no indication that the restrictions contained therein apply to the relevant time period. (Tr. 261-64). Once again, Plaintiff relies on letters from Dr. Rutherford that were not submitted to the ALJ (Tr. 17-18), which prevents the Court from considering them. Even if such evidence had been provided to the ALJ, Dr. Rutherford specifically states that he "cannot accurately relate when it was that she became physically and mentally unable to work" (Tr. 18), which entirely negates his opinion. Plaintiff's assertion of error is therefore rejected.

### III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 9) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**